CARLSON *v.* WISCONSIN LAND & LUMBER CO.

1. HOMESTEAD — LAND CONTRACTS — HUSBAND AND WIFE — VENDOR
AND PURCHASER—SIGNATURE OF WIFE.

The contract of a husband to purchase a farm occupied
by himself and wife, as their homestead for over forty
years, is invalid as a recognition of superior title in the
vendor, without the signature of the wife.

2. ADVERSE POSSESSION — TITLE — HOMESTEAD—ESTOPPEL—VENDOR
AND PURCHASER.

Premises occupied as a homestead by decedent, his wife
and family for over 30 years, became the property of
the persons in occupancy by adverse possession, and the
widow and children were not estopped from claiming
their homestead right by a land contract executed by the
husband during his lifetime, recognizing defendant's
superior title.

Appeal from Iron; Flannigan, J. Submitted April
9, 1915. (Docket No. 35.) Decided June 7, 1915.

Bill by Ida C. Carlson and others against the Wisconsin Land & Lumber Company to quiet title to certain lands. From a decree for complainants, defendant appeals. Affirmed.

*Isaac W. Byers* (*L. A. Lyon,* of counsel), for complainants.

*Warner & Sullivan,* for defendant.

McALVAY, J. Complainants, who are the widow and children, heirs at law, of Israel Carlson, deceased, filed their bill of complaint to quiet title in and to the northeast quarter of section 34, township 43 north, range 34 west, in Iron county. Defendant answered the bill of complaint, and an issue was joined. The cause was heard upon proofs taken in open court and

resulted in a decree quieting title of the complainants to the northeast quarter of the northeast quarter of said section and quieting the title of defendant in and to the balance of the said northeast quarter of said section. From this decree defendant has appealed to this court. There is no appeal on the part of complainants.

The facts in the case are: Israel Carlson, deceased, came to this country from Sweden and was married to complainant Ida C. Carlson in September, 1884. Prior to his marriage he had entered upon and done some clearing on this land and erected a small log house. Immediately after marriage they moved into this house, which was located on the northeast quarter of the northeast quarter of the section of land above described, where they and the children born to them lived continuously to the time of the death of Israel Carlson, in 1908. The widow and children have continued in possession up to the present time, occupying this place as their home. During his lifetime Carlson cleared 25 acres of this description and made extensive and valuable improvements on it, and the widow and children since his decease have continued to make such improvements. These improvements are the house, two barns, fencing, fruit trees, clearing the land, and stumping part of the land, amounting altogether to $3,300. These premises were recognized, spoken of, and known in the vicinity as the Carlson land and home. This land was patented to George M. Wakefield on December 10, 1880, and the patent duly recorded. The defendant Wisconsin Land & Lumber Company appear to hold the record title to a portion of this land by *mesne* conveyances from George M. Wakefield, and on February 5, 1910, it obtained a quitclaim deed from R. C. Russell of an undivided one-sixth of the northeast quarter of section 34.

The answer of defendant denies all the material allegations of the bill of complaint and alleges that on the 1st day of November, 1901, Israel Carlson executed a contract with the defendant company for the purchase of the northeast quarter of the northeast quarter of this section. Complainants claim title to this land by adverse possession for more than the statutory period of 15 years prior to the execution of this contract. Defendant insists that the complainants are estopped by the execution of this contract from questioning its title, and prays that this contract be declared a lien upon said northeast quarter of the northeast quarter, with the usual prayer for a foreclosure and sale of the land for the amount due and unpaid upon this contract. It does not appear to be disputed that this possession of the northeast quarter of the northeast quarter of said section 34 by the complainants and their deceased husband and father was of a period of more than 15 years before Carlson entered into the contract referred to with defendant, and their occupancy was of a character that would ripen into a title under the provisions of our statute in the absence of a claimed recognition of title by Israel Carlson in entering into the contract referred to.

The sole question in the case is whether complainants are estopped from setting up this title by adverse possession against the defendant and from attacking the defendant's title by reason of this land contract. The record shows that this 40 acres had been occupied continuously by this family as their homestead both before and after the death of Israel Carlson. It also appears undisputed that the statute had run before this contract with defendant was entered into.

Title, therefore, in Carlson and his wife had become vested, and the premises constituted their homestead. Mrs. Carlson did not join in this contract with

her husband, and the execution of the contract by him did not have the effect of divesting the title to the homestead.

It is contended on the part of defendant that Mrs. Carlson acquiesced in this contract and should not now be permitted to repudiate it.

An examination of the record satisfies us that there was no such acquiescence by Mrs. Carlson and recognition of defendant's title as would divest her and her children of these premises as their homestead, and upon the record the court would not be justified in holding complainants estopped from claiming title to these premises.

The decree of the circuit court is therefore affirmed, with costs of this court in favor of complainants.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.